ST. JOHN and another *v.* SEWALL.

Where the underwriting of a master's summons personally served upon a defendant shows that the personal attendance of the defendant is required, such defendant will be in contempt, provided he does not obey it, even though *the order of reference be not served upon him. (Distinction between this* case and *Holcomb* v. *Jackson*, 2 vol. 620.)

*October* 22,　Motion for an attachment for not attending upon a master's
　1838.　　summons on a reference to appoint a receiver under a judg-
　　　　　ment creditor's bill. A summons had been personally served
*Practice.*　upon the defendant, with the following underwriting : " To
*Service.*
*Summons.*　deliver over and to proceed in the assignment and delivery
　　　　　over to the receiver of the property and effects of the defendant
and in the examination of the defendant under oath ; the per-
sonal attendance of said defendant being required. S. C.,
Master in Chancery." The party not appearing, another sum-
mons was personally served and which had the following un-
derwriting : " To proceed in the assignment and delivery over
to the receiver of the property, estate, &c., of the defendant.
The personal attendance of the defendant being required. S.
C., Master in Chancery."

In order to sustain the motion for an attachment, there was
annexed to the two original summons, the following certificate :
" (*Title.*) I, S. C., one of the masters of this court, residing
in the city of New-York, do hereby certify, that pursuant to
an order of this court, made in the above entitled cause by the
Vice-Chancellor of the first circuit of the state of New-York,
and bearing date the twentieth day of June, 1838, I duly is-
sued the two summons hereto annexed. That, at the times
designated therein for the appearance of the defendant, I at-
tended at my office, but that the said defendant did not attend,
either in person or by his solicitor or counsel. Dated, New
York, October 5th, A. D. 1838. S. Cambrelleng, Master in
Chancery."

In opposition to the motion, the defendant put in an affidavit,

denying service upon him of any order of reference for a receiver.

*Mr. O. Bushnell*, for the motion.

*The defendant*, in *pro. per.*

THE VICE-CHANCELLOR :—In the case of *Holcomb* v. *Jackson*, 2 Edwards' Ch. Rep. 620, I decided that the defendant there was not in contempt for disobeying a master's summons. But that case is different from the present. There, the underwriting did not, in terms, require the personal appearance of the defendant ; while, in the present suit, the personal attendance of the party is made to form an express part of the underwriting. When a defendant has personal service of such a summons made upon him, he, certainly, from that time, has a knowledge sufficient to show that an order has been obtained. It does not follow that he must be in court when the order has been pronounced ; nor that a copy must be served, when the summons is thus an explanatory one. I consider the case of *The Manhattan Company* v. *Evertson*, 4 Paige's C. R. 276, as aiding my decision in the present proceeding. There, the Chancellor said, the master should see that the summons was properly underwritten or that sufficient appears in the body of it to apprise the party, upon whom it is served, of the nature of the proceedings.

I shall hold that the underwriting was sufficient to bring the party into contempt, without the necessity of serving a copy of the order. An attachment must issue, unless the defendant will appear before the master and comply with the terms of it.